

# The Attorney General of Texas

December 18, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. W. P. Daves, Jr.
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas    78786

Opinion No. MW-411

Re:  Whether reports regarding financial affairs of organization chartered under chapter 20, Texas Insurance Code, are public

Dear Mr. Daves:

You have requested our opinion under the Open Records Act, article 6252-17a, V.T.C.S., as to whether reports regarding the financial affairs of a group hospital service plan are available to the public.

Chapter 20 of the Texas Insurance Code provides that certain persons may apply for a corporate charter:

> for the purpose of establishing, maintaining and operating a nonprofit hospital service plan, whereby hospital care may be provided by said corporation through an established hospital or hospitals, and sanitariums with which it has contracted for such care, as is hereinafter defined.

Ins. Code art. 20.01. Corporations organized under chapter 20 are "under the direct supervision of the Board of Insurance." Ins. Code art. 20.02.

Section 3(a)(12) of the Open Records Act excepts from disclosure:

> information contained in or related to examination, operating or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, and/or securities, as that term is defined in the Texas Securities Act.

p. 1402

In Open Records Decision No. 158 (1977), this office held that a chapter 20 organization was not a "financial institution" for purposes of section 3(a)(12) because, _inter alia_, it was not the kind of "insurance company" which the legislature intended to include in section 3(a)(12). The opinion noted that the legislature intended to include insurance companies regulated by the State Board of Insurance within the term "financial institutions" in section 3(a)(12). The conclusion with respect to chapter 20 organizations was based:

> on Insurance Code provisions that describe the purpose of the group hospital service and distinguish it from insurance companies. Article 20.09 of the Insurance Code states that 'such corporations... shall not be construed as being engaged in the business of insurance under the laws of this State.'

Following the issuance of Open Records Decision No. 158, article 20.09 was amended and the referenced provision omitted. Acts 1977, 65th Leg., ch. 383, §3, at 1038. In our opinion, the omission of that portion of article 20.09, deeming chapter 20 organizations not to be engaged in the business of insurance, indicates a legislative intent to bring such organizations within the scope of the term "insurance company." On the basis of the reasoning of Open Records Decision No. 158, if a chapter 20 organization may be considered an "insurance company," it is also a "financial institution" for purposes of section 3(a)(12). Accordingly, it is our view that all examination, operating and condition reports regarding chapter 20 organizations are excepted from disclosure under section 3(a)(12) of the Open Records Act.

### S U M M A R Y

> Examination, operating, or condition reports prepared by, on behalf of, or for the use of the State Board of Insurance regarding an organization chartered under chapter 20 of the Texas Insurance Code are excepted from disclosure under section 3(a)(12) of the Open Records Act, article 6252-17a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

p. 1404

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Jim Moellinger